IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO


ERNESTO VILLANUEVA,

      Plaintiff,

v.                                                        No. Civ. 13cv188 JCH/WPL

KRISTEN BARTLETT AND CHRISTOPHER
BARTLETT,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

On September 30, 2013, Defendants Kristen and Christopher Bartlett filed a Motion for Summary Judgment Regarding Medical Causation and Memorandum Brief in Support (ECF No. 26). On October 15, 2013, Plaintiff Ernesto Villanueva filed a response opposing the motion (ECF No. 29), as well as separate Motion in Limine to Determine Admissibility of Treating Physician's Testimony and Alternatively for an Extension of Time to File Expert Designations (ECF No. 30). The Court, having considered the motions, briefs, evidence, relevant law, and otherwise being fully advised, concludes that Plaintiffs' motion for an extension of time to file expert designations should be granted, and that Defendants' motion for summary judgment should be stayed.

**I.    INTRODUCTION**

This case arises out of a motor vehicle accident that occurred on February 9, 2010. Compl., ECF No. 1-1 ¶ 3. According to the Complaint, Plaintiff was driving a snow plow during the course of his job with the New Mexico Department of Transportation heading south on Interstate 25 in Las Vegas, New Mexico, when Defendant Kristen Bartlett, who was driving a

Subaru, rear-ended the snow plow. *See id.* ¶¶ 4-10. Defendant Christopher Bartlett, Kristen Bartlett's father, owned the Subaru. *See id.* ¶ 6. Plaintiff alleges that he sustained serious and permanent bodily injury as a result of the accident and claims damages for bodily injury, pain and suffering, lost income, lost future income, and medical bills for treatment. *See id.* ¶¶ 11-12.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2013, this Court entered an Order Setting Pretrial Deadlines (ECF No. 13). The Order set the termination date for discovery on October 15, 2013. Order 1, ECF No. 13. According to the Order, Plaintiff had to identify any expert witnesses and disclose expert reports or summary disclosures no later than July 15, 2013. *Id.* at 2. The parties had until October 22, 2013, to file discovery motions, and until October 29, 2013, to file other pretrial motions. *Id.*

During the course of discovery, and in response to an interrogatory, Plaintiff listed 14 injuries and symptoms that he alleges he sustained as a result of the accident, including headaches, numbness in his hands and wrists, neck pain, nausea, painful back and muscles spasms and pinched nerves, fatigue, and depression. Defs.' Mot., Ex. A, ECF No. 26-1. On July 16, 2013, Plaintiff filed a Disclosure of All Expert Witnesses (ECF No. 16), listing the names and contact information of 11 medical experts. In response, defense counsel, Mr. Kevin Pierce, sent Plaintiff's counsel, Ms. Nancy Richards, a letter dated July 17, 2013, informing her that her expert witness disclosure did not comply with Federal Rule of Civil Procedure 26, because she did not disclose which were retained experts or treating physicians. *See* Defs.' Mot., Ex. B, ECF No. 26-2. Mr. Pierce also requested that Ms. Richards immediately provide any retained expert reports under Rule 26(a)(2)(B) or a description of any proposed treating physician testimony under Rule 26(a)(2)(C)(i)-(ii). *See id.*

Plaintiff thereafter provided an Amended Disclosure of All Expert Witnesses, identifying

each of the 11 experts as "Treating Medical Care Provider not a retained expert witness." Defs.' Mot., Ex. C, ECF No. 26-3.  In a letter dated July 18, 2003, Mr. Pierce informed Ms. Richards that the Amended Disclosure did not specify the subject matter on which each witness is expected to present evidence or provide a summary of the facts and opinions to which each witness is expected to testify, as required under Rule 26(a)(2)(C)(i)-(ii).  Defs.' Mot., Ex. D, ECF No. 26-4.   Plaintiff subsequently provided a Second Amended Disclosure of All Expert Witnesses, identifying five medical doctors as treating physicians and summarizing each physician's expected testimony.  *See* Defs.' Mot., Ex. E, ECF No. 26-5.

Defendants have identified Dr. Richard Radecki as an expert witness, and he has rendered a causation opinion in this case.  *See* Defs.' Mot., Ex. G, ECF No. 26-7.  Dr. Radecki opines, among other things, that Plaintiff's spinal stenosis of the lumbar region, carpal tunnel, knee pain, and radicular pain in the upper and lower extremities were not exacerbated or caused by the motor vehicle accident.  *See id.*

On September 30, 2013, Defendants filed a motion for summary judgment, arguing that Plaintiff has no evidence that the motor vehicle accident caused any of the injuries or conditions about which he complains.  Defs.' Mot. 1, ECF No. 26.  Defendants acknowledge that Plaintiff's Amended Disclosure states that Dr. Phillip Forno "will testify about the left then the right CTS surgery and may offer his opinion on causation."  See Defs.' Mot. 2-3, ECF No. 26 & Ex. E, ECF No. 26-5 at 2 of 6.  Defendants assert that, while Dr. Forno's opinion is "likely about Plaintiff's alleged carpal tunnel syndrome, such speculation is wholly insufficient to meet Plaintiff's burden."  Defs.' Mot. 6, ECF No. 26.  Defendants further argue that Plaintiff has not disclosed any expert who can opine about the cause of Plaintiff's other 13 listed medical conditions.  Defendants thus contend that they are entitled to summary judgment because the

only competent evidence in the case is from their expert, Dr. Radecki, who opines that the motor vehicle accident did not cause Plaintiff's injuries.

On October 15, 2013, Plaintiff filed a response (ECF No. 29) to the motion for summary judgment as well as a separate "Motion in Limine to Determine Admissibility of Treating Physician's Testimony and Alternatively for an Extension of Time to File Expert Designations" (ECF No. 30).  In his response to Defendants' motion for summary judgment, Plaintiff does not dispute any of Defendants' enumerated facts or attach any evidence from his experts; instead, Plaintiff "seeks leave of the court to extend time to file expert designations" because "he is still being treated and opinions by his treating physicians are being formed."  Pl.'s Resp. 5, ECF No. 29.  Plaintiff notes that Defendants chose not to depose any of Plaintiff's treating physicians and an extension of the pre-trial deadlines "would most certainly allow complete investigation of Plaintiff's injuries, providing time and justice to both parties."  *Id.* at 5-6.  In his motion requesting an extension of expert deadlines, Plaintiff further asserts that "the Workmans Compensation treadmill that he is on" justifies an extension of time "to refine his treating physicians' roles."  Pl.'s Mot. 5, ECF No. 30.

## III.   ANALYSIS

### A.   Motion to Extend Expert Witness Deadlines

According to Federal Rule of Civil Procedure 26, a party who intends to present expert testimony must disclose the identity of any such witness to all other parties. Fed. R. Civ. P. 26(a)(2)(A).  If the expert witness is "retained or specifically employed to provide expert testimony in the case" a written report must be provided.  Fed. R. Civ. P. 26(a)(2)(B). Alternatively, if the expert witness is not required to provide a written report, the party calling the witness must produce a disclosure containing "(i) the subject matter on which the witness is

expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Witnesses disclosed under Rule 26(a)(2)(C), in particular treating physicians, "may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." Fed. R. Civ. P. 26 advisory committee notes, 2010 amendments. A treating physician is permitted to testify as to fact opinions, including causation of an injury to a patient and the prognosis of the condition, so long as the opinion was formed during the course of treatment of the patient. *See Farris v. Intel Corp.*, 493 F.Supp.2d 1174, 1180 (D.N.M. 2007). Such expert testimony is limited to the personal knowledge and observations obtained during the course of care of the plaintiff and cannot be based on information learned outside of the treatment. *Id.*

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court may modify the scheduling order "on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee notes, 1983 amendment. While a district court has broad discretion in managing its pretrial schedule, a scheduling order can have an outcome-determinative effect and total inflexibility is undesirable. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The Court finds that good cause exists for an extension in this case. Plaintiff has disclosed the identities of his treating physicians to Defendants. Moreover, each time Defendants have pointed out a purported failure to adhere to Rule 26(a), Plaintiff has been diligent in responding to Defendants to attempt to correct the purported errors. Plaintiff

ultimately provided a Second Amended Disclosure that lists five treating physicians and summaries of their expected testimony.

The summaries indicate that Plaintiff, if given an extension of time, will likely be able to present evidence from one or more of his treating physicians regarding the causation issue. The Second Amended Disclosure states that Dr. Michael Green is expected to testify that Plaintiff went to his clinic the same day he was rear-ended and reported pain at the base of his neck, shoulders, and upper back, and received treatment for those ailments. *See* Defs.' Mot., Ex. E at 1 of 6, ECF No. 26-5. Dr. Green will also testify that Plaintiff reported that his hands were falling asleep at night from the accident and that he diagnosed neck strain and carpel tunnel syndrome. *Id.* According to Plaintiff's Second Amended Disclosure, Dr. Phillip Forno "will testify about the left then the right CTS surgery and may offer his opinion on causation," *id.* at 2 of 6; Dr. Theresa Genovese-Elliott will testify, among other things, as to her opinion that "[i]t is likely that the patient's current hand symptoms are related to the motor vehicle accident," *id.* at 3 of 6; and Dr. Phillip Smucker will testify that Plaintiff's "symptoms have been in place since the [motor vehicle accident] in 2010 with the cervical pain travelling into his hands, along with occasional numbness," *id.* at 6 of 6.[1]

Plaintiff's disclosures demonstrate his diligence in attempting to comply with the discovery rules and orders of this Court. Although Plaintiff has not given a detailed explanation for why he does not yet have an affidavit or declaration from his physicians explaining their causation opinions, Plaintiff's motion for extension indicates that he has been slowed in

---

[1] Defendants argue that Plaintiff's experts have not reached or disclosed a causation opinion based, in part, on Plaintiff's Answer to Interrogatory No. 21 in which Plaintiff stated: "In all honesty no doctor really discusses the cause of my problems with me – they just talk to me about my symptoms and seem to focus on helping me to get better." Defs.' Mot., Ex. F, ECF No. 26-6. However, Plaintiff also averred that his back pain and nausea began soon after the motor vehicle accident, that he discussed these conditions with his doctors, but that he does not remember them discussing their causation opinion specifically with him. *See id.* These answers do not establish that Plaintiff's treating physicians will not be able to render an opinion on causation and do not foreclose this Court from granting an extension of time to allow counsel to further explore the treating physician's testimony.

obtaining the necessary information because of the Workman's Compensation process. *See* Pl.'s Mot. 2, ECF No. 30.  Furthermore, the record shows that Defendants would not suffer undue prejudice from an extension of the time for discovery to allow Plaintiff to refine his disclosures to better state his treating physician's opinions on causation.  Plaintiff's disclosures to date have provided Defendants with sufficient notice as to Plaintiff's expected causation evidence to be able to designate their own rebuttal expert.  Additionally, at the time Plaintiff made his request for an extension, the time for discovery motions had not yet passed and trial was eight months away.

For all these reasons, and in the interests of justice and fairness, the Court concludes that good cause exists to modify the scheduling order to allow an extension of time for Plaintiff to amend his disclosure of expert witnesses regarding the causation opinions of his treating physicians.  This extension, however, is limited to testimony of those treating physicians already named in the case and does not permit Plaintiff to name any new treating physicians or newly retained experts.  Plaintiff must file his amended disclosure, in compliance with Rule 26(a)(2)(C), within 30 days of the date of the entry of this Memorandum Opinion and Order.  In light of this ruling, the Court will deny Plaintiff's alternative request for a ruling at this time on the admissibility of the testimony of his treating physicians.

### B. Motion for Summary Judgment

Defendant argues that Plaintiff has failed to respond to the two undisputed facts set forth in Defendant's motion for summary judgment, and thus, the Court should deem Defendants' undisputed facts admitted under Rule 56(e) and grant Defendants' motion.  Although Rule 56(e) allows the Court to consider unopposed facts admitted, Rule 56(e) also gives the Court discretion to impose other remedies.  Rule 56(e) states:

> If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>> (1) give an opportunity to properly support or address the fact;
>> (2) consider the fact undisputed for purposes of the motion;
>> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  Subdivision (e)(1) recognizes that the court may afford a party an opportunity to properly support or address the fact, which in many circumstances "will be the court's preferred first step."  Fed. R. Civ. P. 56(e) advisory committee notes, 2010 amendments.  A court may choose not to consider a fact undisputed under subdivision (e)(2), "particularly if the court knows of record materials that show grounds for genuine dispute."  *Id.*

The Court finds that the proper remedy in this case is to give Plaintiff one more opportunity to address Defendants' facts.  As explained *supra*, the Court finds that there is good cause to amend the scheduling order to enable Plaintiff to further explore any causation opinions his treating physicians may be able to offer, so discovery is not yet complete on the issue critical to the summary judgment motion.  Based on the record, the Court is not convinced that Plaintiff will not be able to contest the two facts with admissible evidence upon completion of discovery.  The Court will therefore grant Plaintiff an opportunity to properly address Defendants' two facts, with supporting evidence, in accordance with Rule 56(c), or file a notice that he cannot do so, within 30 days of the date of entry of this Memorandum Opinion and Order.  If Plaintiff files an amended response, Defendants may file an amended reply in accordance with the time set forth in the local rules.[2]

**IT IS THEREFORE ORDERED** that

---

[2] The Court recognizes that Rule 56(d) provides an avenue for a party to move for time to obtain affidavits or declarations or to take discovery, and that Rule 56(d) requires the moving party to file an affidavit or declaration to support such a request.  Neither of the parties here cited Rule 56(d), and thus, any arguments that could be made thereunder are deemed waived.  This Court's decision is instead based on Rules 16(b)(4) and 56(e)(1).

1. Plaintiff's Motion in Limine to Determine Admissibility of Treating Physician's Testimony and Alternatively for an Extension of Time to File Expert Designations (**ECF No. 30**) is **GRANTED in part and DENIED in part** as follows:

    a. Plaintiff's request for a modification of the scheduling order in this case is **GRANTED**.

    b. Plaintiff may file an amended disclosure of his expert witnesses in accordance with Rule 26(a)(2)(C) and the terms of this Memorandum Opinion and Order **within 30 days** of the date of entry of this Memorandum Opinion and Order.

    c. Plaintiff's alternative request for a ruling at this time on the admissibility of the testimony of his treating physicians is **DENIED**.

2. Defendants' Motion for Summary Judgment Regarding Medical Causation and Memorandum Brief in Support (**ECF No. 26**) is **STAYED** until completion of the briefing as set forth herein.

_____
**UNITED STATES DISTRICT JUDGE**